Wash, J.,
delivered the opinion of the Court.
This was an action of trespass, instituted before a Justice of the Peace, by Papin, against Montague, in which Papin had judgment; from which, Montague appealed to the Circuit Court, where, upon motion, the appeal was dismissed, on the ground, that the plaintiff had misconceived the form of his action j to reverse which judgment of the Circuit Court, dismissing the appeal, the plaintiff before the Justice, and appellee in the Circuit Court, now prosecutes his writ of error in this Court. At the time suit was. brought, the law required a statement of the cause of action to he filed with the Justice, &c.; which was made out and filed accordingly, and is, in due form and substance, a declaration in trespass, for cutting down, injuring, and destroying the trees, belonging to the plaintiff &c., to the damage of said plaintiff, fifty dollars. The summons issued'in the form prescribed by the statute, with the addition thereto of the words, “ under the statute,” requiring the defendant to appear and answer the plaintiff, in an action of trespass, “ under the statute.” The Mev. Code, p. 373, sec. 1) provides, that actions of trespass, including trespass on lands or other real estate, wherein the damages demanded shall not exceed fifty dollars, shall be cognizable before a Justice of the Peace. Under the head of trespass, Mev» Code, p. 781, it is provided, that for trespass in cutting trees, &c», the party committing the same, shall be liable for treble damages, to be recovered in an action of debt. It is pretty clear, that the plaintiff) Papin, intended to avail himself of this statute, and in that he misconceived his action, which should have been debt. But the remedies provi *545 ded by the two statutes, are not inconsistent, orrepugnant, and must be considered as cumulative merely. The party injured may seek redress in trespass, for the actual damage sustained, or may sue in debt for the penalty. The words, under the statute,” as appended to the summons, may have been intended, and most probably were intended, to refer to the act last cited, but in strictness may refer to either. They add nothing, however, to tbe description of the cause of action, as given in the plaintiff's statement. They were wholly unnecessary, under either statute, and should be re-, garded as mere surplusage. The Circuit Court erred, therefore, in dismissing the appeal, on the ground that the plaintiff should have sued in debt.
The judgment is reversed, and the cause remanded, to be proceeded in conforma-., bly to this opinion.